PMC: USAO# 2008R00482

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2010 JUL 2 ℗

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NUMBER** MJG-10-0460 |
| **v.** | |
| | **(Bank Fraud, 18 U.S.C. § 1344; Wire Fraud, 18 U.S.C. § 1343; Mail Fraud, 18 U.S.C. § 1341; False Statement, 18 U.S.C. § 1001(a)(2); Social Security Fraud, 42 U.S.C. § 408(a)(3); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. § 981(a)(1)(C) & (D), and 28 U.S.C. § 2461(c))** |
| **WINNIE JOANNE BAREFOOT,** a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn, a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan, a/k/a Olivia JoAnne Barefoot Morgan, | |
| **Defendant** | **UNDER SEAL** |

...oooOooo...

## INDICTMENT

### COUNT ONE
### (Bank Fraud)

The Grand Jury for the District of Maryland charges:

At all times relevant:

#### Personal History of Defendant

1.      Defendant **WINNIE JOANNE BAREFOOT (hereinafter "BAREFOOT"),**
was a resident of Maryland.  BAREFOOT was born **Winnie Jo Budzina** to Ellamay Miller and
Stephen Budzina in Johnstown, Pennsylvania, on December xx, 1952.   The assigned Social
Security Number ("SSN") for **Winnie Jo Budzina** was XXX-XX-7642.

2.      BAREFOOT applied to the Social Security Administration ("SSA") to change
the name associated with SSN xxx-xx-7642 to **Winnie Jo Conn** following her marriage to Floyd
Conn in 1969.   Floyd Conn and **BAREFOOT** had two children:  a daughter who died before her

first birthday and a second daughter (hereinafter "JLV") born in 1970.   Floyd Conn died in 1971.

3.        Sometime during the 1970's, **BAREFOOT** began a relationship with Jack Knopsnyder.   At various times thereafter, **BAREFOOT** represented that she was married to Jack Knopsnyder.  No children were born of this relationship but Jack Knopsnyder has a daughter from a previous relationship who was born in 1960.  On or about January 31, 1978, **BAREFOOT** applied for and received SSN xxx-xx-2630 using the name **JoAnne Knopsnyder** with the date of birth of December xx, 1960, the same month and day as listed on the SSN application in the name of **Winnie Jo Budzina**.  On the application for the SSN, **BAREFOOT** falsely stated that she had never before applied for or had a United States Social Security Account Number.

4.        On or about November 1, 1980, **BAREFOOT** was arrested in Pennsylvania for alleged violations of federal and state offenses and she identified herself to federal law enforcement authorities as **JoAnne Knopsnyder**, but provided her SSN as XXX-XX-7642 (in the name of **Winnie Jo Conn)**.   **BAREFOOT** was convicted of federal and state felony offenses.

5.         In 1990, using the name **Winnie Jo Conn, BAREFOOT** purchased real estate located at 472 Avon Court, Friendship, Maryland and formed at least one business:  Barefoot & Co., Inc., and/or Barefoot Construction Group, Inc.

6.        On or about January 10, 1997,  **BAREFOOT** applied to SSA to change the name associated with SSN xxx-xx-7642 from **Winnie Jo Conn** to **Winnie JoAnne Barefoot** after **BAREFOOT** was legally adopted by her mother's second husband, Charles Barefoot.

7.        On or about October 30, 1997,  **BAREFOOT,** using the name **Winnie JoAnne**

**Barefoot,** borrowed money from The Money Store and secured the loan with interest in the property at 472 Avon Court, Friendship, Maryland.   On or about February 25, 1999, **BAREFOOT** filed for bankruptcy in the name **Winnie JoAnne Barefoot**.

8.      On or about October 18, 1999, **BAREFOOT**, using the name **Winnie Conn,** transferred the property at 472 Avon Court to Charles and Ellamay Barefoot for no consideration.

9.      Sometime before 2001, **BAREFOOT** began using the name **Olivia JoAnne Morgan** with SSN XXX-XX-2630, a SSN assigned to **JoAnne Knopsnyder**.

10.      On or about December 27, 2001, the property at 472 Avon Court was transferred from Charles and Ellamay Barefoot to **BAREFOOT, in** the name **Olivia J. Morgan**, and "AJN," a man with whom **BAREFOOT** was then in a relationship.   On or about November 1, 2002, the same property was then transferred from "AJN"and **Olivia J. Morgan** to "CWH" a man with whom **BAREFOOT** also had a relationship, and **Olivia J. Morgan**.

11.      Between 2002 and 2009, **BAREFOOT** resided with CWH  at 1588 Eaton Way, Annapolis, Maryland.  On December 9, 2003, CWH transferred title in this property from his name to both his name and that of **Olivia J. Morgan**.  At various times throughout this period, both **BAREFOOT** and CWH falsely represented to third persons that they were married to each other.

12.      In or about March 2006, **BAREFOOT** used the identity of her daughter JLV to purchase property at 3528 Narragansett Avenue, Annapolis, Maryland.

### Financial Institutions and Other Lenders

13.      The following entities were financial institutions as that term is defined in 18

U.S.C. § 20, in that their deposits were insured by the Federal Deposit Insurance Corporation.

        a.      First Mariner Bank ("First Mariner"), located at 3301 Boston Street, Baltimore, Maryland.  First Mariner made home equity lines of credit loans to qualified real estate owners.

        b.      Sandy Spring Bank ("Sandy Spring"), located at 9112 Guilford Road, Columbia, Maryland.  Sandy Spring  makes lines of credit (loans) available to qualified applicants.

        c..      First Commonwealth Bank, ("First Commonwealth"), located at 654 Philadelphia Street, Indiana, Pennsylvania.  Among other services it provided its account holders, First Commonwealth made loans secured by mortgages on real property assets to qualified applicants.

**Other Lenders**

14.     Argent Mortgage Company, LLC, ("Argent") located in White Plains, New York. Argent provided mortgage loans to purchasers of real property, which loans were secured by interests in the real property being acquired by purchasers

15.     Access National Mortgage ("Access") located at 1800 Robert Fulton Drive, Suite 350, Reston, Virginia.  Access, a subsidiary of Access National Bank, provided mortgage loans to purchasers of real property

**Other Entities**

16.     "VW" was a mortgage broker employed by Metropolis Funding, Inc., ("Metropolis") located at 630 Town Center Drive, Joppa, Maryland.  A mortgage broker's job includes, in part, pairing qualified borrowers with appropriate lending institutions.  Brokers are

4

paid by commission when a loan closes.

17.     Both Crown Title Corporation ("Crown"), located at One Sanford Avenue, Baltimore, Maryland,   and Town & Country Title, Inc., (Town & Country"), located  at 133 Defense Highway, Annapolis, Maryland, were real estate title agencies that conducted real estate closings.  Title companies close real estate sales by collecting funds from the buyer and the buyer's lending financial institution and disbursing those funds first to any persons or entities that have liens on the real estate and then to the owner-seller of the property.  A title company also disburses funds to other persons and entities, such as a real estate salesperson or broker, and a mortgage broker, who are paid for their services in the consummation of a real estate sale. Typically, the title company receives and disburses these funds, particularly those for larger amounts, by electronic transfer into and out of its escrow bank account.  The title company also mails the settlement statement, known as a "HUD-1," to the lender who provides the funds to the title company for disbursement in accordance with the lender's instructions.

18.     SSA is an agency of the United States of America.  SSA is responsible for managing the Title XVI Supplemental Security Income ("SSI") program, which provides payments and other benefits to individuals who are physically and/or mentally disabled on the basis of financial need.  Recipients must meet certain requirements in order to receive the federally funded benefits, including having limited income and resources.

**The Scheme and Artifice to Defraud**

19.     Beginning in or about December 2005, and continuing until in or about August 2009, in the District of Maryland, the defendant,

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud financial

institutions, lenders and other entities, by means of materially false and fraudulent pretenses,

representations and promises, as set forth more specifically below.

20.     It was part of the scheme and artifice to defraud that **BAREFOOT**, using the

identity **Olivia JoAnne Morgan**, engaged in fraudulent real estate and loan transactions

including transactions involving 3528 Narragansett Avenue, Annapolis, Maryland; 896

Coachway, Annapolis, Maryland; 1588 Eaton Way, Annapolis, Maryland; and Maryland

Hyperbarics, LLC.

### 3528 Narragansett Avenue, Annapolis, MD

21.     It was further part of the scheme and artifice to defraud that **BAREFOOT** signed

a residential contract of sale on behalf of JLV, for the purchase of real property at 3528

Narragansett Avenue, Annapolis, Maryland.  **BAREFOOT** provided a forged and fraudulently

obtained power of attorney from JLV, purportedly authorizing any and all power necessary "for

the purpose of buying, selling [sic] leasing, indebting [sic] real estate, making mortgages, loans

and signing all documents relating to real estate properties in Maryland and Georgia."  JLV had

not provided any such power of attorney nor had any intention of acquiring said parcel of real

estate.

22.     It was further part of the scheme and artifice to defraud that **BAREFOOT** applied

to VW at Metropolis to obtain a mortgage loan from Argent for the purchase of 3528

6

Narragansett Avenue, in the name of JLV.  As part of the application, **BAREFOOT** submitted an executed residential contract of sale for the property in which she had fraudulently increased the amount of the deposit to the Sellers by $100,000, thus changing the loan-to-value ratio of the transaction.

23.     It was further part of the scheme and artifice to defraud that **BAREFOOT** provided financial information, including income and assets, on behalf of JLV, that was false and fraudulent.

24.     It was further part of the scheme and artifice to defraud that **BAREFOOT** falsely and fraudulently represented on behalf of JLV that the property was being purchased for use as the buyer's primary residence.

25.     It was further part of the scheme and artifice to defraud that **BAREFOOT** arranged for the settlement to effectuate the purchase of the property at her residence at 1588 Eaton Way, Annapolis, Maryland where she forged signature of JLV.

26.     It was further part of the scheme and artifice to defraud that Argent lent JLV $616,250.00 for the purchase of 3528 Narragansett Avenue, which money was transferred to Crown for disbursement in accordance with its instructions to the settlement agent.

### 896 Coachway, Annapolis, Maryland

27.     It was further part of the scheme and artifice to defraud that **BAREFOOT**, using the identity of **Olivia JoAnne Morgan**, applied for a mortgage loan from Access National to purchase the property at 896 Coachway, Annapolis, Maryland that contained false and fraudulent information.

28.     It was further part of the scheme and artifice to defraud that **BAREFOOT**

obtained a first and second mortgage loan from Access National for $780,000 and $195,000, respectively, which was the full purchase price of the property.

### 1588 Eaton Way, Annapolis, Maryland

29.     It was further part of the scheme and artifice to defraud that in or about February, 2007, **BAREFOOT** submitted a false and fraudulent loan application to First Mariner Bank for an increase in an existing home equity credit line, secured by the property at 1588 Eaton Way, Annapolis, Maryland, from $1,300,000 to $2,000,000.

30.     It was further part of the scheme and artifice to defraud that **BAREFOOT** obtained a line of credit for $2,100,000 from First Mariner that was secured by a deed of trust in the real property at 1588 Eaton Way, Annapolis, Maryland.

### Maryland Hyperbarics, LLC

31.     It was further part of the scheme and artifice to defraud that **BAREFOOT** submitted a forged, false and fraudulent application for a $250,000 line of credit loan from Sandy Spring Bank for the stated purpose of operating Maryland Hyperbarics, LLC, a business entity.

32.     It was further part of the scheme and artifice to defraud that **BAREFOOT** secured the loan from Sandy Spring Bank using a forged Indemnity Deed of Trust on 1588 Eaton Way, Annapolis Maryland that was purportedly signed by CWH.  CWH did not sign the application nor other documents associated with the acquisition of this loan

33.     It was further part of the scheme and artifice to defraud that **BAREFOOT** submitted a false and fraudulent application to First Commonwealth Bank for a commercial loan in the amount of $120,000,  which loan was to be used for operation of a hyperbaric clinic and was secured by a mortgage on property owned by Ellamay and Charles E. Barefoot at 1306 Imler

8

Valley Road, Imler, Pennsylvania.

## The Charge

34.     In or about February 2007, in the District of Maryland and elsewhere, the

defendant,

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial

institution and to obtain any of the moneys, funds, credits, assets, and other property owned by

and under the custody and control of a financial institution, by means of materially false and

fraudulent pretenses, representations and promises, to wit: the defendant obtained a $250,000

commercial line of credit loan for Maryland Hyperbarics, LLC, from Sandy Spring Bank after

falsely representing that:

a.     her income and the combined assets for herself and CWH was $12,546,595;

b.     the value of the 1588 Eaton Way property was $4,000,000 and that it was

unencumbered by any mortgage or other security instruments; and

c.     her SSN was XXX-XX-2630.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT TWO
**(Bank Fraud)**

1.     The allegations contained in Paragraphs 1 through 33 of Count One are incorporated here.

2.     In or about April 2007, in the District of Maryland and elsewhere, the defendant,

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations and promises, to wit: the defendant obtained a $2,100,000 home equity line of credit secured by a deed of trust in the real property at 1588 Eaton Way, Annapolis, Maryland from First Mariner Bank after falsely and fraudulently representing that:

a.     both she and her "husband," CWH, each had monthly income of $25,000;

b.     her net worth was $10,104,314;

c.     her federal Individual Income Tax Return for 2005 was jointly filed with her
       "husband" CWH, and that she and CWH reported an adjusted gross income of
       $502,750; and

d.     her SSN was XXX-XX-2630.

18 U.S.C. § 1344
18 U.S.C. § 2

## COUNT THREE
**(Bank Fraud)**

1.      The allegations contained in Paragraphs 1 through 33 of Count One are incorporated here.

2.      In or about September 2008, in the District of Maryland and elsewhere, the defendant,

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution and to obtain any of the moneys, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, to wit: the defendant obtained a $120,000 commercial line of credit loan for the operation of Maryland Hyperbarics LLC clinic from First Commonwealth Bank after falsely and fraudulently representing that:

a.      her monthly income was $30,861;

b.      her personal assets were $1,760,523 and her personal liabilities were $484,200;

c.      the annual sales of the business were $1,100,000; and

d.      that she had not filed bankruptcy within the ten (10) years preceding the loan
        application.

18 U.S.C. § 1344
18 U.S.C. § 2

11

## COUNT FOUR
### (Wire Fraud)

1.      The allegations contained in Paragraphs 1 through 33 of Count One are incorporated here.

2.      On or about March 3, 2006, in the District of Maryland and elsewhere, the defendant,

**WINNIE JOANNE BAREFOOT**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

having devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly and willfully transmitted and caused to be transmitted in interstate commerce by means of wire communications certain writings, signs, signals, and sounds, to wit, the defendant caused the electronic transfer of $ 610,381.27 funds from Argent Mortgage's bank account at Deutsche Bank in New York  to Crown Title's bank account at Wachovia Bank in Maryland.

18 U.S.C. § 1343
18 U.S.C. § 2

12

## COUNT FIVE
**(Mail Fraud)**

1.       The allegations contained in Paragraphs 1 through 33 of Count One are incorporated here.

2.       On or about March 6, 2006, in the District of Maryland and elsewhere, the defendant,

**WINNIE JOANNE BAREFOOT**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

having devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice to defraud, did knowingly and willfully cause to be sent and delivered by private or commercial interstate carrier according to the directions thereon from Crown Title in Baltimore, Maryland to Argent Mortgage in White Plains, New York, an envelope bearing settlement documents for the sale/purchase of 3528 Narragansett Avenue, Annapolis, Maryland.

18 U.S.C. § 1341
18 U.S.C. § 2

13

## COUNT SIX
### (Social Security Fraud)

The Grand Jury for the District of Maryland further charges that:

1.      The allegations contained in paragraphs 1 through 33 of Count One are incorporated here.

2.      On or about June 3, 2003, **BAREFOOT** applied to the SSA for SSI benefits, representing that she was disabled due to back problems. **BAREFOOT** used Social Security number XXX-XX-7642 and claimed that her disability began on December 23, 1997. **BAREFOOT** falsely denied having been accused or convicted of a felony and stated that she had no resources nor received any type of income.

3.      In or about September 2003, the SSA denied **BAREFOOT's** request because she did not have enough quarters worked to qualify for insured status.

4.      In or about June 2003, **BAREFOOT** applied to the SSA for Disabled Widow's Benefits ("DWB") on the record of Floyd Conn. The SSA denied these benefits because she had not filed within the prescribed seven (7) years of Conn's death. **BAREFOOT** claimed that she was not married and was living alone.

5.      **BAREFOOT** appealed the denial of her SSI disability benefits and, on or about April 24, 2007, she was approved for SSI disability benefits.

6.      As a result of false, fictitious and fraudulent statements and representations made by **BAREFOOT**, SSA issued to **BAREFOOT** more than $26,000 in SSI benefits to which she was not otherwise entitled.

7.      On or about April 24, 2007, within the District of Maryland, the defendant,

14

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

knowingly and willfully made and caused to be made false statements and representations of a

material fact for use in determining her rights to payment under Subchapter II of the Social

Security Act, to wit: that on a Statement for Determining Eligibility for Supplemental Security

Income Payments, the defendant falsely stated that:

        a.      she had not used any other Social Security Number(s);

        b.      she had not been accused or convicted of a felony;

        c.      she lived at PO Box 71, Crownsville, Maryland 21032, in a private home;

        d.      she did not own any type of resource; and

        e.      she did not receive any type of income.

42 U.S.C. § 408(a)(3)
18 U.S.C. § 2

15

## COUNT SEVEN
**(False Statements)**

1.      The allegations contained in Paragraphs 1 through 33 of Count One are incorporated here.

2.      On or about December 22, 2008, within the District of Maryland, the defendant,

**WINNIE JOANNE BAREFOOT,**
**a/k/a Winnie Jo Budzina, a/k/a Winnie JoAnne Conn,**
**a/k/a Joanne Knopsnyder, a/k/a Olivia JoAnne Morgan,**
**a/k/a Olivia JoAnne Barefoot Morgan,**

knowingly and willfully made and caused to be made false, fictitious, and fraudulent statements and representations of material fact to agents of the Social Security Administration investigating her eligibility for benefit payments under Subchapter II of the Social Security Act, a matter within the jurisdiction of that Agency, to wit:

a.      that she resided alone in the house at 896 Coachway Drive, Annapolis, Maryland, and that she did not own the home but paid utilities for the residence;

b.      that she used the name **Joanne Knopsnyder** because her deceased husband Floyd Conn had a child with a woman named Knopsnyder, who left her and Floyd Conn with four children to raise;

c.      that **Olivia Joanne Morgan** was her sister, who was married to CWH, that they had gotten married in Bermuda in May, 2003, that they resided at 1588 Eaton Way, Annapolis, Maryland, and that because her sister and CWH were getting a divorce and frequently fought about money, CWH spent a lot of time at her house; and

d.      that she had only been working for two (2) days.

18 U.S.C. § 1001(a)(2)
18 U.S.C. § 2

## FORFEITURE

The Grand Jury further finds that:

1.      Pursuant to 18 U.S.C. § 981(a)(1)(C) and (D) and 28 U.S.C. § 2461(c), upon conviction of an offense in violation of 18 U.S.C. §§ 1341, as alleged in Counts One through Five, each defendant shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the scheme to defraud.

2.      The property to be forfeited includes, but is not limited to, the following:

      a.      A sum of money equal to the value of the proceeds of the scheme to defraud, which is at least $4,061,000.

3.      If any of the property described above, as a result of any act or omission of the defendants:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third party;

      c.      has been placed beyond the jurisdiction of the court;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(C).

18 U.S.C. § 981(a)(1)(C) and (D); 28 U.S.C. § 2461(c); Rule 32.2(a), F.R.Crim.P.

17

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

_7/29/10_
Date

Rod J. Rosenstein /plr/
Rod J. Rosenstein
United States Attorney

18