IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA          *

     vs.                          *   CIVIL CASE NO. MJG-13-1677
                                             (CRIMINAL NO. MJG-10-0460)
WINNIE JOANNE BAREFOOT              *

\*     \*     \*     \*     \*     \*     \*     \*     \*

MEMORANDUM AND ORDER RE: § 2255 MOTION

The Court has before it the Defendant's Motion Vacate, Set Aside, or Correct Sentence [Document 71] and the materials submitted relating thereto. The Court finds that a hearing is necessary to resolve the motion.

I. BACKGROUND

On February 24, 2012, Defendant Winnie Joanne Barefoot ("the Defendant") was convicted on a plea of guilty to Bank Fraud in violation of 18 U.S.C. § 1344. On June 18, 2012, the Defendant was sentenced to 60 months of incarceration.

II. GROUNDS ASSERTED

The Defendant contends, among other things, that she was denied the effective assistance of counsel and that the undersigned Judge should have recused himself from presiding.

A.  Ineffective Assistance of Counsel

In order to prevail on a claim that her counsel's representation violated her Sixth Amendment right to effective assistance of counsel, the Defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness,"[1] and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings. Id. at 694.

In this case, the Defendant essentially contends that she was deprived of her right to require to the Government to prove her guilt.  She bases her ineffective assistance claim upon allegations that, if found to be correct, would establish that her counsel's representation fell below an objective standard of reasonableness.  The Defendant asserts that she always wished to proceed to trial and that she pled guilty because of her counsel's alleged trickery and coercion.

---

[1] Thus overcoming a presumption that counsel's conduct was reasonable.

For example, the Defendant alleges that:

- She "was tricked into signing a plea agreement [by her counsel]." [Document 71-1] at 4.

- "Defense counsel took advantage of [her] medical conditions, numerous surgeries, and prescribed medications, to coerce [her] into signing a plea agreement." Id.

- "[O]n August 02, 2012, [defense counsel] apologiz[ed] for 'screwing up' and that he should 'have never let you sign that plea deal' and 'I should have taken your medical conditions more seriously.'" Id.

- "Defense Counsel . . . provided deficient performance by forcing [her] to sign a plea deal that she did not want to sign." Id. at 11.

- "Defense Counsel took advantage of [her] ill health; and drug induced state to have [her] sign a plea deal taht [sic] included a waiver of her rights and was full of inaccuracies [and] that she had evidence to prove her innocence." Id.

In response, the Government presents a transcript establishing that the Court provided the Defendant an adequate Rule 11 hearing and, based on the record of that proceeding, properly decided to accept the Defendant's guilty plea. Moreover, the Government notes – with justification - that the Defendant's counsel is a highly reputed member of the Bar and that the allegations made against him are inconsistent with his long and distinguished service to this Court and to other forums. The Government does not, however, provide an affidavit from counsel refuting the Defendant's allegations.

The Court is in a position analogous to that faced by the district judge in United States v. Pender. 514 F. App'x 359 (4th Cir. 2013). As stated by the appellate court therein:

> In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." An evidentiary hearing in open court is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary in order to resolve the issue.

Id. at 360 (alterations in original) (citations omitted). In Pender, the United States Court of Appeals for the Fourth Circuit determined that the district judge had erred in deciding that regardless of the outcome on the disputed issue of fact – whether defense counsel had sought a plea agreement – "there was no ineffective assistance [of counsel]." Id. The Fourth Circuit, therefore, remanded the case to the district court to "hold a hearing or otherwise further develop the record before ruling." Id.

In the instant case, particularly in the absence of evidence refuting the Defendant's allegations regarding her counsel,[2] the Court finds itself required to conduct an

---

[2] Moreover, even if the Government were to have provided an

evidentiary hearing. Under the circumstances, the Court shall provide for such a hearing and shall appoint counsel to represent the Defendant at the hearing. The Court shall permit counsel to advocate for the Defendant at the hearing with regard to all grounds for relief that she has presented.

B. Recusal

The Defendant contends that the undersigned Judge had a "conflict of interest" relating to an individual who the Defendant identifies as "Charlie Hunter." [Document 71-1] at 12-13. Presumably, this "Charlie Hunter" is the person identified in the Indictment [Document 1] as "CWH."

According to the Defendant, Mr. Hunter was an employee of Omni International [Investment] Corporation during a period (approximately the mid-1980's) when the undersigned Judge – then in private practice – represented the corporation and its principal in criminal proceedings in this Court. See United States v. Omni Int'l Corp., 634 F. Supp. 1414 (D. Md. 1986).

The undersigned Judge cannot state unequivocally that he

---

affidavit from Defendant's counsel, or should now provide one and seek reconsideration, there would be a debatable issue whether the Court could resolve the factual dispute without an evidentiary hearing.

never met Mr. Hunter in the course of his representation of Omni International more than twenty-five years ago.  However, the undersigned Judge has no recollection of ever meeting Mr. Hunter, or of ever communicating either with Mr. Hunter or about Mr. Hunter, either during the course of his representation or at any other time since, until the Defendant filed the instant motion on June 10, 2013.  See [Document 81] Order Re: Recusal Question.  Moreover, having now been told that the person identified in the Indictment as "CWH" is Charlie Hunter, the undersigned Judge can state unequivocally that this would have had, and has had, no significance whatsoever.

"[28 U.S.C. §] 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge."  United States v. Balistrieri, 779 F.2d 1191, 1202-03 (7th Cir. 1985).  Therefore, the undersigned Judge shall proceed to resolve the recusal contention.

The Fourth Circuit has stated:

> A federal judge is obliged to recuse himself if a person with knowledge of the relevant facts might reasonably question his impartiality.  The test is an objective one: as we have previously observed, a judge must disqualify himself whenever his "impartiality might reasonably be questioned."  In other words, "[d]isqualification is required if a reasonable factual basis exists for doubting

the judge's impartiality. The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." A presiding judge is not, however, required to recuse himself simply because of "unsupported, irrational or highly tenuous speculation." Put simply, "[t]he proper test to be applied is whether another with knowledge of all of the circumstances might reasonably question the judge's impartiality."

United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003) (alterations in original) (citations omitted).

The Court finds that no other person, aware of the pertinent facts, might reasonably question the undersigned Judge's impartiality in the instant case.

III. CONCLUSION

For the foregoing reasons:

1. The Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Document 71] remains pending.

2. The Court shall conduct an evidentiary hearing and shall appoint counsel to represent the Defendant at the hearing.

SO ORDERED, this Thursday, December 12, 2013.

/s/
Marvin J. Garbis
United States District Judge