```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA        *

      vs.                       *   CRIMINAL NO. MJG-10-0460

WINNIE JOANNE BAREFOOT          *   (CIVIL CASE NO. MJG-13-1677)

*       *       *       *       *       *       *       *       *

<u>MEMORANDUM AND ORDER RE: § 2255 MOTION</u>

    The Court has before it Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Document 71] and the materials submitted relating thereto. The Court has held a hearing, heard evidence, and had the benefit of the arguments of counsel. The Court has made its factual findings herein based upon its evaluation of the evidence and the reasonable inferences drawn therefrom.

I.   <u>BACKGROUND</u>

    On February 24, 2012, Defendant Winnie Joanne Barefoot ("Defendant") was convicted on a plea of guilty to Bank Fraud in violation of 18 U.S.C. § 1344. On June 18, 2012, Defendant was sentenced to 60 months of incarceration. Defendant timely filed the instant motion.

    By the Memorandum and Order Re: § 2255 Motion [Document 86], the Court decided that an evidentiary hearing was necessary in regard to Defendant's allegations of impropriety on the part of

her former attorney.  The hearing has been held, and testimony has been received from Defendant and her former attorney.

II.  DISCUSSION

Defendant contends that she was denied the effective assistance of counsel because of various instances of misconduct on the part of her former attorney.

To prevail on a claim that her counsel's representation violated her Sixth Amendment right to effective assistance of counsel, Defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceedings.  Id. at 694.

Defendant states in the instant Motion that:

- She "was tricked into signing a plea agreement [by her counsel]."  [Document 71-1] at 4.

- "Defense counsel took advantage of [her] medical conditions, numerous surgeries, and prescribed medications, to coerce [her] into signing a plea agreement."  Id.

- "[O]n August 02, 2012, [defense counsel] apologiz[ed] for 'screwing up' and that he should 'have never let you sign that plea deal' and 'I

2

>   should have taken your medical conditions more
>   seriously.'" Id.

- "Defense Counsel . . . provided deficient
  performance by forcing [her] to sign a plea deal
  that she did not want to sign." Id. at 11.

- "Defense Counsel took advantage of [her] ill
  health; and drug induced state to have [her] sign
  a plea deal taht [sic] included a waiver of her
  rights and was full of inaccuracies [and] that she
  had evidence to prove her innocence." Id.

The Court, having considered the testimony of Defendant and her former attorney, finds no basis whatsoever for the accusations made against counsel. The testimony of the attorney was credible, and the testimony of Defendant was not.

Defendant pleaded guilty to the offense of conviction based upon her having stated falsely on a loan application that:

- She and her husband each had a monthly income of $25,000;

- She had a net worth in excess of $10,000,000;

- She and her husband filed a federal income tax return for 2005 reporting adjusted gross income of over $500,000; and

- Her social security number was xxx-xx-2630.

Although Defendant had some sort of "answer" purporting to explain each alleged fraudulent statement, she presented no rational basis for any doubt that at least 3 of those statements were false, material, and made with the intent to deceive. Defendant's "husband" had no income – Defendant's statement that

3

she had more than $50,000 per month of income, even if true, would not render true the false statement that each of the two had the level of income represented on the loan application. Defendant says she does not recall what was on the 2005 tax return that she and her "husband" filed, but she does not state that they in fact filed a return reporting over $500,000 in gross income. Nor does she deny that any such return would have grossly overstated their income. Defendant does not state that the social security number that she provided to the lender was the one she should have used. While the record does not establish definitively the real estate values on which Defendant's claimed net worth is based, the record amply establishes that Defendant had no reasonable probability, indeed no reasonable hope, of avoiding conviction on the Bank Fraud charge.

The Court is not certain whether Defendant denies she is guilty of the offense of conviction or denies that the Government could prove her guilty. At the hearing, Defendant's counsel indicated her (counsel's) understanding that Defendant does not seek to have her guilty plea withdrawn so that she can proceed to trial. Rather, counsel understood that Defendant wished to have her sentence vacated so that she can be re-sentenced. Apparently, Defendant contends that her former counsel failed to present matters that would have persuaded the

4

Court to sentence Defendant to the low end of the 45- to 60-month range she agreed upon in her plea agreement. However, Defendant has not made a showing of anything that she could have presented that could have persuaded this Court to impose a sentence lower than 60 months.

Indeed, as the Court stated at the sentencing hearing, the sentence would have been higher absent the plea agreement:

> I have to go with the government's sentence of 60 months, and I think that that's a light sentence in this case.
>
> * * * I think that the public needs the maximum possible protection from you. So the sentence is 60 months.

Tr.[1] at 48.

The bottom line is that Defendant unjustly accused her former attorney of doing less for her in the course of his representation than he should have. However, the record indicates that the attorney did all any counsel could have been expected to do, and perhaps more.[2]

As the Court stated at the sentencing hearing:

> I, think first of all, that Mr. Murtha has done a fantastic representation in getting the plea agreement that he got. To have

---

[1] Tr. references are to the transcript of the sentencing hearing of June 18, 2012.

[2] Indeed, when Defendant – under the effect of self-induced drugs – found herself unable to get to the assigned facility to self-surrender to serve her sentence, it was her former counsel who came to her aid and drove her from Maryland to the Alderson facility in West Virginia.

> [Assistant United States Attorney] Cunningham arguing for the sentence he's arguing for is, let us say a bit surprising.

Tr. at 47.

In brief Defendant received superlative, rather than ineffective, assistance of counsel.

III. CONCLUSION

For the foregoing reasons:

1.  Defendant's Motion to Vacate, Set Aside, or Correct Sentence [Document 71] is DENIED.

2.  Judgment shall be entered by separate Order.

SO ORDERED, on Thursday, June 19, 2014.

/s/
Marvin J. Garbis
United States District Judge